IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PATRICIA GRIFFIN ON BEHALF OF
T.G., MINOR

     Plaintiffs,

vs.                        No. 2:16-cv-2204-JDT-dkv

CITY OF MEMPHIS,

     Defendant.

_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

_____

On March 31, 2016, the plaintiff, Patricia Griffin ("Griffin") filed a *pro se* complaint on behalf of her minor granddaughter, T.G., against the City of Memphis ("the City"), accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.) On April 4, 2016, the court issued an order granting Griffin's motion for leave to proceed *in forma pauperis*. (ECF. No. 5.) This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim upon which relief may be granted.

I.   PROCEDURAL AND FACTUAL BACKGROUND

Griffin filed her complaint on a court-supplied form "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983." (Compl., ECF No. 1.) In her complaint, Griffin alleges that the City violated the civil rights of her granddaughter, T.G., who was age 12 at the time. (*Id.* ¶ IV.) Griffin alleges that on January 20, 2012, she and T.G. were walking down the sidewalk when T.G. "fell into a big hole that cover[ed] her all the way to her breast." (*Id.*) She states that T.G. struggled to get out of the hole and started running because she was scared "that rats, snakes, or anything might get her and that everybody would laugh at her." (*Id.*) Griffin took T.G. to the Le Bonheur Hospital, and Griffin alleges that the doctor stated that if T.G. had not been wearing a boot she would have broken her leg and ankle. (*Id.*) Griffin claims that the City violated T.G.'s civil rights because Memphis has a responsibility to provide safe streets and sidewalks and maintain the sidewalks but failed to do so. (*Id.*)

For relief, Griffin requests "a judgement [sic] against [Memphis] for violation of [her] civil rights granddaughter for injury and punitive damages." (*Id.* ¶ 5.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Because Griffin has been granted leave to proceed *in forma pauperis*, this report and recommendation will constitute the court's screening.

B.   <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Griffin's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-

57 (2007).  To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should

therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that

responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  <u>Standing</u>

As an initial matter, the court must determine whether Griffin has standing to bring this case on behalf of her granddaughter. Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).

Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). Federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only on his own claims. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003)("[T]hat statute does not permit plaintiffs to appears *pro se* where interests other than their

own are at stake"); *Iannoccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)("[B]ecause *pro se* mean to appear for one's self, a person may not appear on another person's behalf in the other's cause."). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); *Mikeska v. Collins*, 928 F.2d 126 (5th Cir. 1991); *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989).

"Similarly, parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970; *Johns v. Cty. of San Diego,* 114 F.3d 874, 877 (9th Cir. 1997)("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); *see also Chochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994)("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."). Only a licensed attorney may represent other persons. The Sixth Circuit considers this issue one of lack of standing. *Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1

(6th Cir. Apr. 13, 1992). "The plaintiff must be the proper proponent of the rights on which the action is based." *Cochran*, 1994 WL 28648, at *3 (citing *Haskell v. Washington Township,* 864 F.2d 1266, 1275-76 (6th Cir. 1988)).

Here, Griffin is attempting to bring a claim on behalf of her minor granddaughter. She does not claim to be an attorney. As a non-attorney, she may appear *pro se* on her own behalf, but she cannot appear as an attorney for her minor granddaughter. In addition, Griffin does not even indicate in the complaint whether she is the legal guardian of her granddaughter. Thus, Griffin lacks standing to bring this lawsuit, and it is therefore recommended that this complaint be dismissed for failure to state a claim.

D.    Griffin's § 1983 Claim against the City

Using the court-supplied complaint form,[1] Griffin alleges violation of her granddaughter's civil rights under 42 U.S.C. § 1983. (Compl., ECF No. 1.)   When a § 1983 claim is made against

---

[1] Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." The complaint contains no jurisdictional allegations, but it is a court-supplied complaint form styled as one under 42 U.S.C. § 1983. This is sufficient to confer federal-question jurisdiction on the court for purposes of this screening.

a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tx.*, 503 U.S. 115, 120 (1992).

A municipality "cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988)(quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986))(emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton*

9

*v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to the execution of the policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval though the body's official decision-making channels,' such a custom may still be the subject of a §1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Griffin has not alleged that an employee of the City acted pursuant to a municipal policy or custom in causing the alleged harm, and nothing in the complaint demonstrates that the actions occurred as a result of a policy or custom implemented or endorsed by the City. Consequently, the complaint fails to establish a basis of liability against the City and thus fails to state a cognizable § 1983 claim

10

against the City. It is recommended that Griffin's claim under 42 U.S.C. § 1983 for monetary damages against the City be dismissed for failure to state a claim.

E.    Possible State Law Claim

Although Griffin styles her case as a civil rights action under 42 U.S.C. § 1983, the factual allegations in the complaint are in the nature of a claim of negligence against the City, which is a state law claim. Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. In the Sixth Circuit, the policy is that "'[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well.'" *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)).

Griffin's civil rights violation claim is the only cause of action for which this court has original federal claim jurisdiction. Because the court has recommended dismissal of Griffin's § 1983 claim, it is recommended that the court decline to exercise supplemental jurisdiction over any claim of common law negligence under Tennessee law to the extent Griffin alleges

such a claim in her complaint. Accordingly, the court recommends that any state law claims be dismissed.[2]

## III. RECOMMMENDATION

For the foregoing reasons, it is recommended that Griffin's complaint be dismissed *sua sponte* against the City pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim upon which relief may be granted and that the court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state law claim.

Respectfully submitted this 13th day of May, 2016.


s/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

[2] The court lacks diversity jurisdiction over any state law claim. Griffin is a resident of Tennessee. In her complaint, she states that her address is 1832 Eagle Shore Drive Cordova, Tennessee 38016. (Compl. 3, ECF. No. 1.) In addition, the City of Memphis is located in Tennessee. Thus, diversity of citizenship does not exist.