IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PATRICIA GRIFFIN on behalf of ) <br> T.G., a minor, ) <br> ) <br>     Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> CITY OF MEMPHIS, ) <br> ) <br>     Defendant. ) | No. 16-2204-JDT-dkv |

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS,
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On March 31, 2016, Plaintiff Patricia Griffin, a resident of Cordova, Tennessee, filed a *pro se* complaint on behalf of her minor granddaughter, T.G., on the form used for commencing an action pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Diane K. Vescovo granted leave to proceed *in forma pauperis* on April 4, 2016. (ECF No. 5.) On May 13, 2016, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss the case *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). (ECF No. 6.) Objections to the R&R were due within fourteen

days, on or before May 31, 2016.  *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d).  However, Plaintiff has filed no objections.

Plaintiff has sued the City of Memphis alleging that on January 20, 2012, T.G. fell into a hole in the sidewalk and injured her leg.  Plaintiff alleges that T.G.'s civil rights were violated because the City failed in its responsibility to provide and maintain safe streets and sidewalks.  (ECF No. 1 at 2.)

Magistrate Judge Vescovo first noted in the R&R that a *pro se* litigant can assert claims in federal court on his or her own behalf but may not appear on another person's behalf.  *See* 28 U.S.C. § 1654.  Even the parents of a minor child may not, in most cases, bring a *pro se* action on behalf of the child.  *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003).  Accordingly, Plaintiff may not litigate this action *pro se* on behalf of T.G.  Furthermore, as the Magistrate Judge pointed out, Plaintiff does not allege whether she is T.G.'s legal guardian.  Therefore, it is unclear whether Plaintiff would have standing to bring a claim on T.G.'s behalf even if she retained an attorney.

Even if Plaintiff could bring this action on her granddaughter's behalf, a bare allegation that the City of Memphis failed to maintain the sidewalk in a safe condition does not rise to the level of a civil rights violation.  In addition, Magistrate Judge Vescovo noted that Plaintiff has not alleged her granddaughter's injury was caused by an unconstitutional policy or custom of the City of Memphis, which is required in order to state a claim under 42 U.S.C. § 1983 against a municipality.

To the extent Plaintiff is attempting to bring a claim of negligence against the City of Memphis under Tennessee law, the Magistrate Judge also recommended the Court decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Under that section, a district court may decline to exercise jurisdiction over supplemental claims arising under state law if it has dismissed all of the claims over which it has original jurisdiction.[1] Here, because the federal claim is being dismissed for failure to state a claim, supplemental jurisdiction will be declined.[2]

The Court finds no error in Magistrate Judge Vescovo's conclusions and ADOPTS the R&R in its entirety. Accordingly, the Court DISMISSES the federal claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and declines to exercise supplemental jurisdiction over any claim arising under Tennessee law pursuant to 28 U.S.C. § 1367(c)(3).

---

[1] The Court does not have original diversity jurisdiction over any claim asserted under Tennessee law. *See* 28 U.S.C. § 1332. Diversity of citizenship does not exist because the City of Memphis is located in Tennessee and Plaintiff is a resident of Cordova, Tennessee.

[2] The Court also notes that, regardless of whether Plaintiff intended to bring this action on T.G.'s behalf as a civil rights claim under § 1983, a negligence claim under Tennessee law or both, the claim is time barred. The statute of limitations for personal injury actions in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a)(1)(A). Likewise, the statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Tennessee has specifically codified that the one-year limitations period applies to actions brought pursuant to the civil rights statutes. Tenn. Code Ann. § 28-3-104(a)(1)(B). Plaintiff's complaint alleges the injury to T.G. occurred on January 20, 2012, more than four years before this case was filed. (ECF No. 1 at 2.)

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), the Court CERTIFIES that an appeal by Plaintiff would not be taken in good faith and DENIES leave to appeal *in forma pauperis*. Accordingly, if Petitioner files a notice of appeal, she must also pay the entire $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE